## Lowry, Administrator, *v.* Higgins, Administrator, and Others.

Bill by the administrator of *A.* against the administrator of *B.* to rescind a contract between *A.* and *B.* for the sale of land, &c., or to order a repayment of the purchase-money, and in default thereof, that the land should be sold. The facts were, that *A.* had conveyed the land by deed in fee to *B.*, the latter agreeing to pay the purchase-money within a reasonable period and to secure the same by giving a note to *C.* for *A.'s* benefit. *B.* had not paid the purchase-money, and had failed and refused to execute the note; but his estate was not shown to be insolvent or insufficient to pay all the demands against it; nor was any fraud or mistake alleged or proved. *Held*, that no ground for relief was shown.

ERROR to the *Scott* Circuit Court.

Davison, J.—This was a bill in chancery filed on the 29th of *April*, 1837, by *John Lowry* and *Bridget*, his wife,

formerly *Bridget Spader*, against *Abraham Higgins*. After the suit was instituted, *Bridget* and *Abraham* both died. Consequently the bill was amended by substituting *John Lowry*, the administrator of his deceased wife, complainant, and also by making *Elizabeth Higgins*, the widow and administratrix of *Abraham Higgins*, deceased, together with *Eliza Comingore*, his daughter, and her husband, *John Comingore*, defendants.

The following are the facts:

*Bridget Spader*, while a feme sole, was the owner in fee of the undivided half of one hundred and thirty acres of land in *Scott* county. On the 16th of *May*, 1832, she sold and conveyed her interest in the premises to *Abraham Higgins*, for 293 dollars, to be paid within a reasonable period, and for which *Higgins* was to execute his note to one *Bergen Spader*, her father, as her trustee. This arrangement was made with a view to her then contemplated marriage with *Lowry*, which was in a few days afterwards consummated. *Higgins*, pursuant to the sale and conveyance, obtained possession of the land, but he failed and actually refused to give the note or pay the purchase-money. His estate was not shown to be insolvent, or insufficient to pay the demands against it.

The bill prays that the contract of sale be rescinded, and the land reconveyed, or that the defendants be ordered to pay the purchase-money, and in default thereof that the premises be sold, &c. Upon final hearing, the bill was dismissed, &c.

The plaintiff, in his brief, states that the Circuit Court placed its decision exclusively upon the ground that his remedy was complete at law. We concur in that opinion. Where the contract of sale remains executory, and the vendee may, in a Court of Equity, seek a specific performance, the remedies are mutual, and the vendor can sustain a bill for the purchase-money. But in the case before us, mutual remedies upon the contract never did exist, because the deed was executed and the vendee invested with the legal title to the land, at the time of the sale. In relation to the agreement between him and the vendor, he

never had any right to invoke the aid of chancery. There- <span>Nov. Term,</span>
fore, for the recovery of the debt due from the estate of <span>1854.</span>
*Higgins*, the plaintiff must be restricted to his remedy in a <span>KELLOGG</span>
Court of law. <span>v.</span>
<span>GRAVES.</span>

There is, indeed, nothing in this case that requires the interposition of a Court of Chancery. No fraud or mistake in the contract of sale is alleged or proven. The conveyance being made, it was not competent for the Court to rescind the agreement, upon the mere ground of a refusal by the vendee to execute his note or pay for the land. It has been said, that "the power of rescinding a sale of real estate is one of the highest attributes of a Court of Equity. The public good requires that it should be exercised with great caution, and only in cases of great hardship." *Taylor* v. *Fleet*, 4 Barbour 95.

Upon the facts presented by the record, we know of no principle on which chancery could have given relief.

*Per Curiam.*—The decree is affirmed with costs.

*H. P. Thornton*, for the plaintiff.

*J. G. Marshall*, for the defendants.